**IT IS ORDERED as set forth below:**



**Date: February 21, 2024**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
|  | : |  |
| LATOYA M VILLAGOMEZ | : | 23-57953-LRC |
| aka Latoya Michelle Villagomez | : |  |
|  | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is the *Ex Parte Motion to Reopen Case* (Doc. 23, filed by Latoya M. Villagomez ("Debtor"). Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 17, 2023, and Kyle Cooper (the "Trustee") was appointed as the trustee of Debtor's bankruptcy estate. On November 15, 2023, the Trustee filed a report of no distribution.[1] The Trustee's filing of this report and the failure of any party to

---

[1] The Trustee's filing of this report and the failure of any party to object within 30 days resulted in a presumption that

object within 30 days resulted in a presumption that the estate has been fully administered. Fed. R. Bankr. P. 5009. Subsequently, Debtor received a discharge, and the case was closed.

On January 30, 2024, Debtor filed the Motion, seeking to reopen her bankruptcy case for the apparent purpose of forcing the Trustee to liquidate an asset (the "Award") and to pay her creditors. The Motion also indicates Debtor seeks to have the automatic stay reimposed as to Debtor's real property to protect it from foreclosure.

Pursuant to § 350(b) of the Bankruptcy Code, the Court may reopen a closed bankruptcy case to administer assets, grant relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Movant bears the burden to demonstrate cause for reopening the case. *In re Wiggins*, 2013 WL 4647256 (Bankr. S.D.N.Y. 2013). Bankruptcy courts often reopen closed, no-asset Chapter 7 cases upon the discovery of an undisclosed asset to allow the Chapter 7 Trustee to administer it. Pursuant to § 554, assets that are scheduled and not administered are abandoned to the debtor when the bankruptcy case is closed. *See* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). But property that is not scheduled under § 521 and is not administered by the trustee is not

---

the estate has been fully administered. Fed. R. Bankr. P. 5009.

2

abandoned to the debtor when the case is closed and remains property of the bankruptcy estate. *Id*. § 554(d). The existence of such property could be "cause" to reopen a bankruptcy case. Even then, the Court has considerable discretion to determine whether the case should be reopened.

However, in this case, both the Award and the Property were listed in Debtor's bankruptcy schedules. *See* Doc. 13 (Schedule A/B). Accordingly, both assets were abandoned to Debtor upon the closing of the case, such that these assets would not be property of the estate upon the reopening of the case and would not be protected by the automatic stay. Further, the Trustee had significant discretion to decide whether to pursue or abandon assets and decided to abandon both the Award and the Property. *In re Carvalho*, 578 B.R. 1, 11-12 (Bankr. D.D.C. 2017) ("The Trustee's decision that further attempts to collect assets from the Debtor would be fruitless and only result in greater expense in administering the estate was well within the scope of decisions left to the Trustee's business judgment."). Nothing in the Motion or the record of this case suggests that the Trustee abused that discretion when he did not attempt to liquidate the Award.[2] *See generally In re Cook*, 2012 WL 5408905, at *10 (Bankr. D.N.M. Nov. 6, 2012), *aff'd*, 497

---

[2] It could also be argued that, even if the Trustee's decision not to pursue the Award was in error, "[s]uch abandonment is irrevocable." *In re Ozer*, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997) (citing *In re Matter of Lintz West Side Lumber. Inc*., 655 F.2d 786 (7th Cir. 1981); *In re Atkinson*, 62 B.R. 678 (Bankr. D. Nev. 1986)); *see also In re Roth*, 2009 WL 7751410, at *6 (B.A.P. 9th Cir. June 10, 2009), *aff'd*, 431 F. App'x 541 (9th Cir. 2011), ("Abandonment under § 554(c) is generally irrevocable.").

3

B.R. 167 (B.A.P. 10th Cir. 2013) ("In fact, however, neither trustee pursued any claims against anyone, there are no indications that either trustee believed there were claims against anyone, and even if there were, the Court defers to a trustee's sound business judgment in deciding whether to administer assets."). Because reopening the bankruptcy case would not afford Debtor the relief she is seeking, the Court finds that reopening the case would serve no purpose, and the Motion should be denied. *See Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) (affirming bankruptcy court's denial of a motion to reopen "where it appears that to do so would be futile and a waste of judicial resources"); *In re Killmer*, 501 B.R. 208, 211 (Bankr. S.D.N.Y. 2013) (denying motion to reopen where the "ultimate cause of action movant seeks to bring is futile").[3]

Accordingly,

IT IS ORDERED that the Motion is **DENIED**.

## END OF DOCUMENT

**Distribution List**

**Latoya M Villagomez**
P.O. Box 681232
Prattville, AL 36068

**Kyle A. Cooper**
Kyle A. Cooper Trustee
120 Travertine Trail
Alpharetta, GA 30022

---

[3] Further, "there is no question that [the Court] may rule on motions to reopen without a hearing." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 799 (7th Cir. 2010).

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303